[No. 17552.   Department Two.   May 16, 1923.]

C. D. LILIOPOULOS, *Appellant*, v. ALFRED G. AYERST,
*Respondent.*[1]

SALES (182)—CONDITIONAL SALES—REMEDIES OF VENDOR—FOR-
FEITURE—RETAKING POSSESSION.  A conditional sales contract of an
automobile may be forfeited, where the purchaser's insufficient
check for an installment was returned to him, and in tendering a
check for the balance, he failed to pay or tender the amount of his
returned check.

Appeal from a judgment of the superior court for
King county, Ralston, J., entered July 18, 1922, upon
findings in favor of the defendant, in an action in tort,
tried to the court.  Affirmed.

*C. D. Liliopoulos, in propria persona.*
*George L. Spirk, for respondent.*

PARKER, J.—The plaintiff, Liliopoulos, seeks re-
covery· of damages which he claims to have suffered
because of the wrongful seizure and retention of a
Ford automobile by the defendant Ayerst, which auto-
mobile had been theretofore delivered to him by the
defendant under a conditional sale contract entered in-
to between them.  A trial in the superior court for
King county, sitting without a jury, resulted in find-
ings and judgment denying to the plaintiff the relief
prayed for, from which he has appealed to this court.

The controlling facts are not in dispute and may be
summarized from the unchallenged findings of fact
made by the court, as follows:  On November 10, 1921,
the defendant, being the owner of the automobile in
question, entered into a conditional sale contract with
the plaintiff for the sale of it to him, and placed it in
his possession.  The plaintiff paid $150 upon the pur-

[1] Reported in 215 Pac. 339.

chase price and agreed to pay the balance thereof at the rate of $42 on December 10, 1921, and $41.97 on the 10th day of each month thereafter until the full purchase price should be so paid. On December 20, 1921, soon after the first monthly installment became due, the plaintiff sent to the defendant a check for $31.10, and also a bill for repairs to the automobile which he had paid, amounting to $10.90; claiming that the repairs were rendered necessary by the fault of the defendant, and that he, plaintiff, was entitled to have the first installment of $42 fully satisfied by the enclosed check of $31.10 and his payment of this repair bill. The defendant, upon receipt of this check and repair bill, refused to accept the same in payment of the first installment then past due, and returned both the check and the repair bill to the plaintiff, notifying him that the same would not be accepted and that, if the entire amount due at that time was not paid by December 27th, the contract would be declared forfeited and the automobile retaken. The plaintiff thereupon sent a check to the defendant for the sum of $10.90, writing thereupon words which might be construed as making it a conditional tender of that amount; but he did not accompany that check with the one for $31.10 that had been returned to him by the defendant, nor did he at any time thereafter offer to pay the $31.10 due in addition to the amount of the $10.90 check. The defendant refused to accept the $10.90 check when it was received by him and declared the contract forfeited; and the machine being then at his place of business, he retained possession and assumed control of it as his own; claiming all of the rights of the plaintiff under the contract to be forfeited, including his right to repayment of any part of the $150 previously paid upon the contract.

Considerable argument is indulged in by counsel for the plaintiff rested upon the assumption that the words indorsed upon the $10.90 check did not prevent that check from being a good unconditional tender for the amount specified therein; that is, that the words indorsed upon that check were nothing more than a notice of his reserving the right to recover from the defendant the amount of the repair bill. It seems to us that this case may well be disposed of without going into the question of the $10.90 check being an unconditional tender of the amount therein specified; because the fact remains that, even if that check was a good tender for that amount, there was $31.10 additional due from the plaintiff to the defendant upon the monthly installment falling due December 10th. This the plaintiff did not then offer to pay to the defendant. That was ample cause for the defendant refusing the $10.90 check and declaring a forfeiture of the contract and all of the plaintiff's rights thereupder, including his claimed right to the return of the $150 paid upon the purchase price at the time of the execution of the contract. We note that the trial court found the value of the automobile at the time of the declared forfeiture to be less than the balance due upon the original agreed purchase price; and also found that the plaintiff had no cause to charge the repair bill of $10.90 against the defendant and thus seek to reduce the first monthly installment on the purchase price in that amount.

The judgment is affirmed.

MAIN C. J., FULLERTON, TOLMAN, and PEMBERTON, JJ., concur.